## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ALAN BRADFORD LINDNER, et al.,

        Plaintiffs,

        v.

JEFFREY S. LINDNER, et al.,

        Defendants.

Case Nos. 1:25-cv-885

JUDGE DOUGLAS R. COLE

## <u>OPINION AND ORDER</u>

Alan Bradford Lindner, David C. Lindner, and Robert D. Lindner, Jr., Plaintiffs in this action and Trustees of the Robert D. Lindner, Sr. Family Trust, move to remand this case to the Hamilton County Court of Common Pleas. (Doc. 18). In support of that result, they argue that, while the case fell within the Court's diversity jurisdiction at the time of removal, that is no longer true. Specifically, the counterclaims that Defendant Jeffrey S. Lindner (a fellow Trustee) filed have "ballooned" this once-narrow trust-distribution action into a court battle that "will seriously impact and delay the administration, distribution, and termination of th[e] Trust." (Doc. 19, #497).[1] As a result, in addition to answering those counterclaims, Plaintiffs have filed an Amended Complaint (Doc. 16), which names as Defendants numerous non-diverse parties, all Trust beneficiaries,[2] who Plaintiffs contend are

---

[1] Plaintiffs filed their motion and brief in support in separate docket entries. (Doc. 18; Doc. 19).

[2] Those new Defendants are Emma Sophia Lindner, Clayton Will Lindner, Sadie Elizabeth Lindner, Avery Rose Lindner, Andrew David Lindner, John Robert Lindner, Leela Ann

now required to be joined. In their motion to remand, they argue that the presence of these new Defendants destroys the Court's subject-matter jurisdiction, (Doc. 19, #497; *see* Notice of Removal, Doc. 1). The Court agrees, so it **GRANTS** Plaintiffs' motion and **REMANDS** this case to the Hamilton County Court of Common Pleas. As described below, the road to that conclusion takes some twists and turns along the way, but the basic intuition is this—when, in a case removed solely on diversity grounds, the removing defendant adds claims to the action post-removal that make new, non-diverse parties indispensable to the overall dispute, and the plaintiff then adds those parties as new defendants by amending as a matter of right under Rule 15, the Court has no choice but to remand the case.

## BACKGROUND

As noted, Plaintiffs and Defendant Jeffrey S. Linder are Trustees of the Robert D. Lindner, Sr. Family Trust. (Doc. 2, #116). Plaintiffs sued Jeffrey[3] in the Hamilton County Court of Common Pleas on October 27, 2025, seeking (1) a judicial declaration that the proposed Trust distribution schedule is lawful, (2) instructions that the Trust assets shall be distributed according to the proposed distribution schedule, (3) judicial approval of the Trustees' administration of the Trust, and (4) a bar on any claims associated with the Trustees' administration of the Trust. (*Id.* at #117–18). That last request was designed in part to prevent Jeffrey, who had certain objections

---

Lindner, Sita Kara Lindner, Jolie Elizabeth Lindner, Jill Courtney Lindner Bolt, Trisha Anne Lindner Flynn, Robert D. Lindner, III. (Doc. 16, #458–459). Of those twelve, seven are Ohio citizens. (*Id.*)

[3] Because the Linders share a surname, the Court refers to Jeffrey individually by his first name.

to the proposed asset distribution, from "interfer[ing] or bring[ing] any claim against any of Plaintiff Trustees in any capacity in connection with the above-described distribution of Trust assets." (*Id.* at #119).

While the merits of that request remain an open question, it is safe to say that this litigation has not played out as Plaintiffs originally intended. To start, on December 3, 2025, Jeffrey removed the case to this Court on diversity grounds. (Doc. 1). Since then, Jeffrey has filed an Answer and Counterclaims (Doc. 13), and Plaintiffs have filed an Answer (Doc. 14) to Jeffrey's counterclaims and an Amended Complaint as of right, (Doc. 16). And, in that last filing, Plaintiffs named numerous new parties as Defendants, many of whom are non-diverse. (*Compare* Doc. 2, #115 (naming only Jeffrey as a defendant), *with* Doc. 16, #458–59 (naming twelve additional defendants, of which seven are Ohio citizens)). According to Plaintiffs, though, they did not add those new Defendants entirely of their own accord. Rather, Jeffrey's counterclaims changed the scope of the action and thus necessitated the addition of these new parties, which Plaintiffs accomplished by amending the Complaint. (Reply, Doc. 29, #573).

Jeffrey, for his part, contends that Plaintiffs do not actually seek any relief from the new Defendants, and that Plaintiffs have named them as a pretext for destroying the Court's subject-matter jurisdiction. (Resp., Doc. 27, #556). Jeffrey says that the Court should see through this ploy, drop the new, non-diverse Defendants, and retain jurisdiction over the case. (*Id.* at #567). Alternatively, he argues that the Court can exercise subject-matter jurisdiction despite the non-diverse Defendants

under the fraudulent joinder doctrine (which is basically just another way of saying that the Court must drop those non-diverse Defendants).[4] (*Id.* at #564–66). He also says that 28 U.S.C. § 1447(e) bars Plaintiffs from filing their Amended Complaint as of right. (*Id.* at #563).

Plaintiffs have replied. (Doc. 29). So the matter is ripe for review.

**LEGAL STANDARD**

A motion to remand an action to state court challenges the Court's subject-matter jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). A defendant may remove an action from state court to federal court if the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). The defendant, as the removing party, bears the burden of proving that the federal court has jurisdiction in response to a motion for remand. *Eastman*, 438 F.3d at 549. The Court's determination of its jurisdiction over the removed action is limited to the legal bases the removing defendant asserted in its timely filed notice of removal. *Miller v. Adamo Grp.*, No. 1:22-cv-14, 2022 WL 1013090, at *3 (S.D. Ohio Apr. 5, 2022); 28 U.S.C. § 1446(a) (explaining that the

---

[4] "Fraudulent joinder is 'a judicially created doctrine that provides an exception to the requirement of complete diversity.'" *Casias v. Wal-Mart Stores*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). "If the non-diverse defendant was not fraudulently joined, then the district court lacks subject-matter jurisdiction and must remand the case to state court. By contrast, if the non-diverse defendant was fraudulently joined, the court may exercise jurisdiction over the case, but the court must dismiss that defendant from the action and lacks the power to resolve the merits of the claims against it." *Cline v. Dart Transit Co.*, No. 21-3468, 2023 WL 3003190, at *3 (6th Cir. Apr. 19, 2023) (citations omitted).

removing party must file "a notice of removal … containing a short and plain statement of the grounds for removal").

In evaluating the asserted grounds for removal, a district court is not limited to the factual allegations in the complaint. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1087 n.11 (6th Cir. 2010). Rather, it enjoys wide discretion in the evidence it may review to assess its subject-matter jurisdiction. *Id.* But despite that latitude, district courts must "measure[] all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). In the removal context, this means that courts analyze their jurisdiction "at the time of removal, as that is when the case first appears in federal court." *Perez v. Staples*, 31 F.4th 560, 568 (7th Cir. 2022) (citation omitted).

But that doesn't mean that a court ignores an amended complaint for purposes of determining subject-matter jurisdiction. Instead, the measure-as-of-the-time-of-filing rule concerns "only the actual 'state of things' relevant to jurisdiction— meaning, the facts on the ground, rather than … the claims and parties that the plaintiff includes in a complaint." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 36 n.5 (2025) (quoting *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 473 (2007) ("The state of things and the originally alleged state of things are not synonymous.")). So for example, a party does not destroy diversity jurisdiction by moving to a new state, "even if living in that state from the beginning would have." *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 923 (8th Cir. 2023) (citing

*Morgan's Heirs v. Morgan*, 15 U.S. (2 Wheat.) 290, 297 (1817)), *aff'd, Royal Canin*, 604 U.S. at 36 n.5 (citing with approval the Eighth Circuit's discussion of this distinction). That is because the 'fact' of the person's citizenship is measured as of the time of filing and does not change. But in deciding *who counts* for purposes of measuring diversity, i.e., who the parties are, "federal jurisdiction—or its absence—follows from the amended complaint." *Royal Canin*, 604 U.S. at 38. And that includes removed cases where "amending a complaint to join a non-diverse party destroys diversity jurisdiction." *Id.*; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

As further described below, however, the all-parties-in-the-amended-pleadings-matter principle comes with a potentially important qualifier—"where the plaintiff's amended complaint adds a non-diverse defendant that would deprive the court of subject-matter jurisdiction, courts … 'must scrutinize more closely an amended pleading that would name a new non-diverse defendant in a removed case.'" *Page v. Whole Foods Mkr. Servs.*, No. 1:21-cv-1744, 2021 WL 5109703, at *3 (D.D.C. Nov. 3, 2021) (quoting *Dever v. Fam. Dollar Stores of Georgia, LLC*, 755 F. App'x 866, 869 (11th Cir. 2018)). In other words, in this context, the Court must be sensitive to the possibility that a plaintiff is seeking to amend simply to deprive the removing defendant of its choice of forum.

6

## LAW AND ANALYSIS

**A.** **28 U.S.C. § 1447(e) Does Not Bar Plaintiffs from Amending Their Pleading as of Right Under Federal Rule 15(a)(1)(B), but the Court May Drop Dispensable Parties Under Rule 21.**

Before the Court considers the effect of Plaintiffs' Amended Complaint on the Court's subject-matter jurisdiction, the Court first considers an antecedent question—whether Plaintiffs were permitted to file that Amended Complaint in the first instance.

Ordinarily, answering that question would require little more than a straightforward application of Rule 15. That Rule permits a party to amend a pleading to which a response is required once as a matter of course no later than 21 days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). And here, Plaintiffs filed their Amended Complaint on February 25, 2026, (Doc. 16)—20 days after Jeffrey filed his Answer and Counterclaims on February 5, 2026, (Doc. 13). Thus, by Rule 15's plain terms, Plaintiffs were entitled to amend.

But, as Jeffrey points out, 28 U.S.C. § 1447(e) arguably complicates this otherwise simple picture. (Doc. 27, #559–61, 563). That provision states that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In Jeffrey's view, § 1447(e) trumps Rule 15. (*See* Doc. 27, #559–61, 563). In other words, even when Rule 15 allows a party to amend as a matter of right to add new parties, those additional parties are still subject to the Court's ability to deny joinder under § 1447(e).

Arguments along these lines have spawned a few different approaches in the federal courts. As one court described the situation: "[t]he relationship between Rule 15 [and] § 1447(e) … is an open question …, with circuit splits and intra-circuit splits abounding." *Kim v. Accident Ins. Co., Inc.*, No. 3:23-cv-1220, 2024 WL 3558381, at *4 (M.D. Tenn. July 26, 2024). *See generally McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 229–36 (D.N.J. 2020) (describing the split in authority at length). And the Sixth Circuit has yet to clearly address the matter.

The leading case on Jeffrey's side of the ledger is the Fourth Circuit's decision in *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999). There, that court explained that, in its view, "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court," or in other words, even if Rule 15 expressly allowed the plaintiff to amend without seeking such leave. *Id.* at 462 n.11 (citations omitted).

Numerous other courts, though, have disagreed. They focus on the language in § 1447(e) that says that the statute "appl[ies] where a party *seeks* to add a defendant." *Kim*, 2024 WL 3558381, at *6. By contrast, "in circumstances (like those here) where the non-diverse defendant was joined as a matter of right, the § 1447(e) … analysis is improper." *McDermott*, 503 F. Supp. 3d at 232–33 (collecting cases). Rather, "joinder is disallowed—and therefore, remand denied—only if" the party opposing remand can prevail under the separate common-law doctrine of fraudulent joinder. *Id.* That is to say, the Court would not subject the joinder in that situation to the

typical § 1447(e) statutory analysis, but rather would ask only whether the newly added parties were fraudulently joined, a court-created doctrine.

So, in *McDermott* itself, for example, the court concluded that Rule 15 and § 1447(e) are ultimately consistent because the latter applies only where the plaintiff "*seeks*" (i.e., requests leave from the court) "to join additional defendants whose joinder would destroy subject matter jurisdiction." *Id.* at 233. If one reads the statute that way, then "[t]he Rule applies in one situation [i.e., when the plaintiff amends as of right under Fed. R. Civ. P. 15(a)(1)], the statute in another [i.e., when the plaintiff "seeks" to add the non-diverse parties by requesting leave to amend, 28 U.S.C. § 1447(e); Fed. R. Civ. P. 15(a)(2)]," and hence "there is no conflict at all." *Id.*

More recently, another court from within the Sixth Circuit agreed with *McDermott*'s conclusion that the two provisions do not conflict, but adding to the diversity of approaches, it rejected the *McDermott* court's reliance on the term "seek" to reconcile the two. *Kim*, 2024 WL 3558381, at *8. According to that court, "seek" need not only mean "to ask"—it may "also be understood as 'to go in search of' or 'to try to acquire or gain: aim at.'" *Id.* Either of those latter readings, the *Kim* court said, "is just as applicable to an amendment taken as a matter of course." *Id.* (citation omitted). But, while *Kim* rejects reliance on "seek" to explain the result, the court's reading of the Rule and the statute was nonetheless straightforwardly textual. The court noted that, under § 1447(e), the district court has two options by default: it may either (1) "deny joinder," or (2) "permit joinder and remand the action to State court." *Id.* at *9. According to the *Kim* court, when a party amends as a matter of right under

Rule 15, that merely "takes away one of the two options available to a court applying § 1447(e)—namely, denying joinder—but leaves available the other option (permitting joinder and remanding the action to state court)." *Id.* In other words, "Rule 15 does not *conflict* with Section 1447(e) but instead, by requiring the Court to accept joinder of the new defendant, dictates that the court eschew one of the two options otherwise available under § 1447(e)." *Id.*

In the Court's view, *McDermott* and *Kim* are right to carefully focus on the text of Rule 15 and § 1447(e) before declaring them inconsistent. But between the readings that *McDermott* and *Kim* offer, the Court sides with the former. While *Kim* rightly points out that the semantic meaning of "seek" *could* extend to acts like "search[ing]" or "aim[ing] at," *id.* at *8, it's less clear to the Court that these terms apply with full force to matter-of-right amendments, as *Kim* holds. To start, the meaning of a statutory provision "does not turn solely on dictionary definitions of its component words." *Yates v. United States*, 574 U.S. 528, 537 (2015). Rather, context matters. And here, contextual clues seem to counsel a narrower reading than the dictionary definitions cited in *Kim* suggest. After all, once a plaintiff files an amended complaint as of right, the plaintiff is no longer *aiming* to amend. Rather, he *has amended*. To state the point at a higher level of abstraction: while the term "seek" *might* reach the acts that *Kim* describes in other semantic contexts, it's unnatural to read the term as including as-of-right amendments because reasonable interpreters of English do not generally understand the term to refer to *completed* acts. At bottom, because parties who amend as of right are not "seeking" to add a new party, the remaining portion of

10

§ 1447(e), which allows courts, in response to such a request, to either "deny joinder, or permit joinder and remand the action to the State court" simply does not apply.

But, while the Court concludes that *McDermott* more faithfully construes the text of Rule 15 and § 1447(e) in the context of an amendment as of right, the Court is not persuaded by *McDermott*'s reliance on fraudulent joinder as a means of rounding out the Court's authority to respond to such an amendment. *See* 504 F. Supp 3d at 232. In other words, while *McDermott* allows the plaintiff to amend under Rule 15, that case still subjects the newly added party to a fraudulent joinder analysis, and the Court is not convinced that is the correct approach. That is because, at least generally speaking, "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed."[5] *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 & n.5 (5th Cir. 1999) (collecting cases). And while *McDermott* cites unpublished district court case law suggesting that *Cobb*'s limitation on the fraudulent joinder doctrine is not universally endorsed, *see* 503 F. Supp. 3d at 235 n.10, the weight of authority from the courts of appeals agrees with *Cobb*, *see, e.g., Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022) ("Fraudulent joinder doctrine does not apply to party additions that occur *after* a valid removal."); *Mayes*, 198 F.3d at 461 ("Since the fraudulent joinder doctrine justifies a federal court's initial assumption of diversity jurisdiction, it has no effect once the district court actually possesses jurisdiction—

---

[5] Just as the Court was preparing to issue this Opinion and Order, the Sixth Circuit issued an opinion discussing the fraudulent joinder doctrine. *See Voutsiotis v. PNC Bank, NA*, ___ F.4th __, No. 25-3826, 2026 WL 1649523 (6th Cir. 2026). But, because the decision is essentially an application of the doctrine to pre-removal defendants, the typical context in which that doctrine applies, it does not affect the Court's analysis here.

11

including after the case has been removed."); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) ("[T]he fraudulent joinder doctrine is not directly applicable to the post-removal context.").[6]

In the Court's view, on this issue, *Cobb* (and the many cases that adopt its approach) is right. So because the fraudulent joinder doctrine's field of operation is limited to pre-removal joinders, it does not apply here, where the parties were added post-removal. In sum, a plaintiff has a right to amend to add a party under Rule 15, and a defendant cannot challenge that addition on fraudulent joinder grounds.

One could argue that these two conclusions, taken together, mean that post-removal a plaintiff can always divest a district court of subject-matter jurisdiction simply by naming a non-diverse defendant in an amendment as of right under Rule 15(a)(1). But not so fast. While the fraudulent joinder doctrine itself is not available to regulate such amendments, at least one other avenue is. Federal Rule of Civil Procedure 21 "empowers courts to police the litigation's cast of characters." *Avenatti*, 41 F.4th at 130 (citations omitted). That Rule permits a court, "on motion or on its own" to "add or drop a party" on "just terms." Fed. R. Civ. P. 21. And a court can use

---

[6] That said, while these cases agree that fraudulent joinder does not directly apply post-removal, the cases *do* permit a court to look to "fraudulent joinder principles" as one factor among others in that context. *See Avenatti*, 41 F.4th at 133 ("To be sure, consideration of fraudulent joinder principles might help inform the court's remand decision." (citation omitted)); *Mayes*, 198 F.3d at 463 ("If the defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor."); *Schur*, 577 F.3d at 764 ("We tend to agree with the Fourth Circuit that, although, the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit joinder."). But because the Court ultimately finds the basic Federal Rule of Civil Procedure 19 analysis dispositive without reference to fraudulent joinder principles, the Court elects not to consider those principles. *See* infra Law & Analysis, Part B.

its Rule 21 discretion to preserve diversity jurisdiction by dropping nondiverse parties. *Avenatti*, 41 F.4th at 130–31 (collecting cases). That includes cases removed on diversity grounds. Further, although § 1447(e) does not apply by its terms to as-of-right amendments, courts, in exercising their discretion under Rule 21, may look to the factors that would apply in a § 1447(e) analysis on the theory that those factors give content to Rule 21's "just terms" requirement. *Id.* at 135. In other words, those factors, which largely underlie the fraudulent joinder doctrine as well, come back into play indirectly through the Rule 21 analysis. All told then, a plaintiff cannot game the system by waiting until after removal to add non-diverse defendants against whom the plaintiff has no claim, and then secure remand based on those new defendants. It is just that Rule 21, not fraudulent joinder, is the mechanism for securing that result.

But there are limits to how far a court can go in exercising its discretion under Rule 21. "A court's Rule 21 discretion is bounded by: (1) Rule 19, such that indispensable parties may not be dropped; and (2) Rule 21's own requirement that no party be prejudiced." *Id.* As described below, the Court finds the Rule 19 limitation dispositive here, so it declines to consider the impact of any § 1447(e) factors (or the potential impact of any fraudulent-joinder-type analysis, to the extent that it applies) on the Rule 21 analysis.

**B.** **Remand is Required Because the New Defendants are Indispensable Parties Under Rule 19.**

Federal Rule of Civil Procedure 19 governs the joinder of "[r]equired" (or necessary) parties. According to the Sixth Circuit, assessing whether joinder is proper under Rule 19 is a three-step process:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee party is indispensable.

*Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citations omitted) (collecting authorities). Applying that test, the Court agrees with Plaintiffs that, in light of Jeffrey's counterclaims, the new Defendants are not only necessary, but indispensable. (Doc. 19, #499–501; Doc. 29, #576–80). The latter means that the Court cannot drop the parties under Rule 21. And as a result, the Court lacks jurisdiction over this action.

**1.** **The Non-Diverse Defendants Are Necessary Parties Under Rule 19(a).**

Plaintiffs' argument that the non-diverse Defendants are necessary as Rule 19 uses that term is clear and correct: by asserting his counterclaims, Jeffrey has challenged fundamental aspects of the Trust, and has therefore implicated the interests of the new Defendants, each of whom is a beneficiary of that Trust.[7] (Doc.

---

[7] That said, Plaintiffs' broader framing of this issue is not quite right. While they get the basic point correct, Plaintiffs deny that Rule 19 has anything to do with this case, (Doc. 29, #587),

14

19, #499–502). Jeffrey seeks (1) a Trust accounting of the five years preceding Robert, Sr.'s death, as well as a post-death accounting, (*see* Doc. 13, #368–69); (2) "a declaratory judgment as to the correct, accurate, and equitable allocation of Trust assets, liabilities, receipts, and disbursements along with anticipated distribution to each beneficiary," which, according to Jeffrey, "includes a request voiding any improper transfers or distributions and clawing those assets back into the Trust and/or debiting those assets from distributable shares," (*id.* at #369–70); and (3) compensation for alleged unjust enrichment on the part of Plaintiffs, (*id.* at #370–71). In other words, Jeffrey contends that "one or more of the Plaintiffs … improperly depleted Trust assets," and he seeks both an accounting, to discover the magnitude of the alleged wrong, and then to recover the allegedly wrongly depleted assets. (*Id.* at #369)

---

while simultaneously relying on Rule 19 case law for the proposition that the new Defendants are necessary, (*id.* at #576–77 (quoting *Joseph v. Teitelbaum*, No. 1:10-cv-931, 2010 WL 11565404, at *3 (N.D. Ohio May 24, 2010))). The Rule matters in this context because it limits the Court's discretion to drop parties under Rule 21. Additionally, Plaintiffs seem to conflate being "necessary" under Rule 19 with being "necessary" under a state-law rule like the Ohio Declaratory Judgment Act, Ohio Rev. Code. § 2721.01 et seq. (Doc. 29, #576–80). Plaintiffs then build on that premise to attack Jeffrey's fraudulent joinder argument, relying on case law holding that a "necessary" party in the latter sense can never be fraudulently joined. (*Compare id.* at #576–77 (relying on Rule 19 case law for the premise that the new Defendants are necessary parties), *with id.* at #587 (relying on *Scott v. State Farm Fire & Case Co.*, No. 13- 13287, 2014 WL 3054784 (E.D. Mich. July 7, 2014), a Michigan Declaratory Judgment Act/fraudulent joinder case, for the conclusion that necessary parties can never be fraudulently joined)). To be sure, the Court agrees with Plaintiffs' intuition that there is some overlap here. The Court struggles to conceive of a situation in which it would be appropriate to conclude that a necessary party under Rule 19 was fraudulently joined. But for purposes of analytical clarity, the Court notes that they are separate concepts. And ultimately, Jeffrey's fraudulent joinder argument fails not because the parties here are necessary, but because the doctrine does not apply to post-removal amendments in the first instance. *See, e.g., Cobb*, 186 F.3d at 677.

Perhaps not surprisingly, "[a]s a general rule, all beneficiaries are necessary parties [under Rule 19] for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." *Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir. 1986) (citation omitted). Cases articulating this proposition or something very much like it are legion. *See, e.g., Teitelbaum*, 2010 WL 11565404, at *3 (citations omitted) (same); *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) (same); *see also Carey v. Brown*, 92 U.S. 171, 172 (1875) ("The general rule is, that in suits respecting trust-property brought either by or against the trustees, the cestuis que trust as well as the trustees are necessary parties." (italics omitted)); *Faunce v. Bird*, 210 F.R.D. 725, 727–28 (D. Or. 2002) (quoting *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991)) ("The Supreme Court has described necessary parties generally as those persons having an interest in the action who should be made parties so that the court may 'finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'"). Removing trustees or moving assets into or out of a trust has implications for all the beneficiaries of that trust, so it only makes sense that they would have a seat at the table. In sum, the non-diverse trust-beneficiary Defendants are necessary parties under Rule 19(a).

Jeffrey's argument to the contrary is unpersuasive. He asserts that (1) "Plaintiffs originally alleged that no beneficiaries other than Plaintiffs and Jeff were impacted by the issues before the Court," and (2) "Plaintiffs … have not plead[ed] any facts showing that any New Party Defendant claims an interest that

16

will be impaired by adjudication of this dispute, or that any existing party faces a substantial risk of multiple or inconsistent obligations in their absence." (Doc. 27, #562). In other words, he asserts that Plaintiffs have alleged no new facts to justify the amendment. But that misunderstands the basis of Plaintiffs' Amended Complaint and their arguments here. Again, it is the scope of Jeffrey's *counterclaims*, not Plaintiffs' claims as amended, that causes Plaintiffs to add the new Defendants as necessary parties in their Amended Complaint.

### 2. Joinder of the Non-Diverse Defendants Is Not Feasible Because It Would Deprive the Court of Subject-Matter Jurisdiction.

Second, the Court considers whether the new, non-diverse Defendants destroy diversity jurisdiction. *Glancy*, 373 F.3d at 666. The question answers itself. "Diversity jurisdiction exists 'where the matter in controversy exceeds the sum or value of $75,000' and is between citizens of different States." *Stryker Empl. Co. v. Abbas*, 60 F.4th 372, 380 (6th Cir. 2023) (quoting 28 U.S.C. § 1332(a)). Seven of the twelve new Defendants are citizens of Ohio, (Doc. 16, #458–59), as are each of the Plaintiffs, (Doc. 2, #115). So allowing the Plaintiffs to add the new Defendants decidedly would deprive the Court of subject-matter jurisdiction.

### 3. The Court Should in Equity and Good Conscience Remand the Case.

Finally, the Court considers whether it should "in equity and good conscience" decline to adjudicate the case. *Glancy*, 373 F.3d at 666. An affirmative answer to that question often results in dismissal. *Id.* But in the removal context, "[w]here diversity is destroyed by the joinder of an indispensable party, the case must be remanded,"

17

*Dent v. Allstate Ins. Co.*, 701 F. Supp. 607, 608 (N.D. Ohio 1988) (citations omitted), the result that Plaintiffs seek here. So, at bottom, in addition to deciding whether the non-diverse parties are necessary (which, as described above, they are), the Court must also decide whether they are indispensable, under Rule 19(b).[8] And, if so, the Court must remand.

Rule 19(b) lays out four factors to guide this analysis. *See* Fed. R. Civ. P. 19(b)(1)–(4). In applying those factors, the Court is cognizant that "Rule 19 imposes a 'pragmatic approach'" to this question. *Est. of Plott*, 151 F.4th at 853 (quoting *Glancy*, 373 F.3d at 665, 669). As a result, "[t]he rule is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Id.* (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1346 (6th Cir. 1993)). Take the factors in turn.

First, the Court considers "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). As noted, Jeffrey's counterclaims challenge fundamental aspects of the Trust. In light of that "extensive relief," it is "extremely likely" that judgment in favor of either side of this dispute "will affect the absent beneficiaries." *Tick*, 787 F.2d at 1495. But remand, by contrast, "will result in negligible prejudice to [Jeffrey] because

---

[8] To be clear, while the word "indispensable" was at one time included in the text of Rule 19, that is no longer the case. A 2007 amendment removed it. But the *notion* of indispensability lives on as part of the analysis under Rule 19. *See, e.g.*, *Est. of Plott v. Dep't of Health & Hum. Servs.*, 151 F.4th 848, 852 (6th Cir. 2025). The basic idea, reflected in the language of Rule 19(b), is that some parties are so integral to the dispute that the court cannot "in equity and good conscience" proceed without them. As the Committee notes to the 2007 Amendment explain, if a party meets that Rule 19(b) test, the party is indispensable.

of the availability of an alternative forum, namely, the [Ohio] court system." *Id.* Thus, this factor favors a finding of indispensability.

Next, consider factors two and three together. *Id.*; *Teitelbaum*, 2010 WL 11565404, at *4. Those factors respectively require the Court to consider "the extent to which any prejudice could be lessened or avoided," and "whether a judgment rendered in the person's absence would be adequate." Fed. R. Civ. P. 19(b)(2)–(3). Here, like the plaintiffs in *Tick*, Jeffrey seeks "broad relief." That relief includes, for example, an "accounting[]," "establishment of constructive or resulting trusts," "distribution of trust income and assets," and "damages" for unjust enrichment, just as in *Tick*. 787 F.2d at 1492, 1495. So the Court "find[s] it difficult to envision any conceivable way to fashion a meaningful judgment which will not affect the absent beneficiaries['] interests." *Id.* at 1495; *see also Teitelbaum*, 2010 WL 11565404, at *4 (same).

Finally, consider the fourth factor, "whether the plaintiff would have an adequate remedy if the action were [remanded] for nonjoinder." Fed. R. Civ. P. 19(b)(4). This "is the most persuasive factor in this case." *Tick*, 787 F.2d at 1495; *Teitelbaum*, 2010 WL 11565404, at *4. Here, Plaintiffs (and Defendants[9]) do. There is no question that Ohio state courts can hear this type of action if this Court remands it based on the inability to join the new Defendants. Indeed, "the Ohio courts are the

---

[9] It may be that, in this context, the appropriate question under Rule 19(b)(4) is whether the "defendant" has an adequate remedy. After all, in the remand context, it is the original defendant who is losing his preferred forum. Admittedly, though, that is an atextual reading. That said, here it matters not, as both Plaintiffs and Defendants (both old and new) will have an adequate remedy in the state court, so the Court declines to further pursue the issue.

superior forum for disposition of this action because it involves questions of Ohio trust law." *Teitelbaum*, 2010 WL 11565404, at \*4 (citing *Jenkins v. Reneau*, 697 F.2d 160, 163 (6th Cir. 1983)).

In sum, all four Rule 19(b) factors point the same direction—the new, non-diverse Defendants are indispensable parties. That means that the Court cannot drop them under Rule 21. And that in turn means that the Court lacks diversity jurisdiction.

\*      \*      \*

In short, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 18). That leaves three other motions pending: (1) Plaintiffs' Motion to Seal (Doc. 3), (2) Jeffrey's Motion to Disqualify Counsel (Doc. 12), and (3) Jeffrey's Motion for Extension of Time to File Answer (Doc. 25). Because the Court lacks jurisdiction, the Court **DENIES** the latter two as **MOOT**. *See, e.g.*, *Mich. Dep't of Env't, Great Lakes & Energy v. STS Hydropower, LLC*, 609 F. Supp. 3d 552, 562 (W.D. Mich. 2022). As to the first, the Court notes that the Motion to Seal broadly requests "that the entire record in this case … be restricted from all public access." (Doc. 3, #122). That overbroad claim for relief does not even approach the necessary showing under the Sixth Circuit's decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016). So the Court **DENIES** the Motion to Seal (Doc. 3). But, as the Court "has authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records," *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) (citations omitted), even after the case has ended, the Court

20

will permit the parties to file a renewed post-remand motion to seal that (1) identifies *particular* documents in this Court's record that the parties believe should be sealed, and (2) explains how sealing those documents is consistent with the demands of *Shane Group*.

## CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 18) and **ORDERS** the Clerk to **REMAND** this case to the Hamilton County Court of Common Pleas. The Court **DENIES** all other pending motions. Consistent with that, the Court **DIRECTS** the Clerk to terminate this matter on the Court's docket.

      **SO ORDERED.**

June 10, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**